# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATRICK BODE,

    Plaintiff,

    v.    Case No. 05-CV-1013

ENCORE RECEIVABLE MANAGEMENT, INC.,

    Defendant.

## ORDER

On March 2, 2006, plaintiff Patrick Bode filed an expedited motion for an order compelling the defendant to comply with discovery requests. In his lawsuit alleging violations of the Fair Debt Collection Practices Act (FDCPA), Bode served interrogatories upon the defendant requesting the number of persons the defendant sent a debt collection letter similar to the one Bode received, and requesting the defendant to state its net worth. The defendant refused to provide the information, asserting that the information is premature and irrelevant because there has been no finding of liability against it and because no class has been certified. Bode also requests that the court award him the reasonable expenses, including attorney's fees, he incurred in preparing the motion to compel. The court will grant Bode's motion to compel for the reasons stated below.

Bode seeks information regarding the number of individuals that may be a member of the putative class. The FDCPA explicitly states that in determining the amount of liability in an FDCPA action, the court shall consider the number of

persons adversely affected. *See* 15 U.S.C. § 1692k(b). And, Federal Rule of Civil Procedure 23(a) states that one of the prerequisites to certify a class action is that "the class is so numerous that joinder of all members is impracticable." *Id.* Therefore, information concerning the number of persons who were sent a similar debt collection letter by the defendant is relevant and potentially useful in determining whether the class is so numerous that joinder is impracticable.

Additionally, Bode seeks information regarding defendant's net worth. The FDCPA explicitly states that damages in a class action case may be calculated based on a defendant's net worth. *See* 15 U.S.C. § 1692k(a). And, Rule 23 (b)(3) states that an action may be maintained as a class action if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Id.* Given that damages in a class action may be calculated based on a defendant's net worth, information concerning the defendant's net worth is relevant and potentially useful in determining whether a class action is superior to other methods of adjudication. *See Trevino v. ABC Am., Inc.*, 232 F.R.D. 612 (N.D. Cal. 2006) (holding that a defendants' net worth is useful for determining whether an FDCPA case is appropriate for class certification); *Mailloux v. Arrow Fin. Servs.*, LLC, 2002 U.S. Dist. LEXIS 3314, 2002 WL 246771 (E.D.N.Y. Feb 21, 2002) (holding that since net worth is an absolute cap on all recovery to a class and thus critical to a

determination of potential damages under the FDCPA, the net worth of the defendant was unquestionably relevant and discoverable).

The defendant asserts that since there has been no finding of liability and no certification of a class, requests for the defendant's net worth and the number of persons the defendant sent a debt collection letter to, are irrelevant. However, the scope of relevancy under Federal Rule of Civil Procedure 26 is broader than the defendant's interpretation. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (holding that relevant information "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.") Here, the court concludes that the requested information is reasonably calculated to lead to the discovery of evidence useful for the determination of whether a class action is superior to other methods of adjudication.

In support of his motion, Bode cites two FDCPA cases where the court ordered the defendants to respond to discovery requests concerning their net worth: *Scott v. Universal Fidelity Corp.*, 42 F.Supp. 2d 837 (N.D. Ill. 1999) and *Mailloux*, U.S. Dist. LEXIS 3314, 2002 WL 246771. The defendant asserts that these cases do not apply to Bode's circumstances because in those cases classes were already certified. (D.'s Resp. Br., 3.) However, as stated above, information concerning a defendant's net worth is useful in determining whether class certification is

appropriate and superior to other methods of adjudication in an FDCPA action. *See* Fed. R. Civ. P. 23(b)(3). As such, a party need not have a class certified to justify the relevance of a request for a defendant to state its net worth in an FDCPA action.

Finally, pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), the court will award the plaintiff the reasonable expenses, including attorney's fees, he incurred in preparing the motion to compel. The amount of the plaintiff's expenses shall be determined between the parties. Should the court be required to revisit this particular issue, it will do so at the conclusion of the case.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to compel (Docket #14) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant, pursuant to Fed. R. Civ. P. 37(a)(4)(A), will pay the plaintiff the reasonable expenses incurred in preparing the motion to compel, including attorney's fees.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge