# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

PATRICK BODE,

        Plaintiff,

        v.                                 Case No. 05-CV-1013

ENCORE RECEIVABLE MANAGEMENT, INC.,

        Defendant.

_____

## ORDER

On September 21, 2005, plaintiff Patrick Bode ("Bode") filed his complaint alleging that defendant Encore Receivable Management, Inc. ("Encore") sent him a debt collection letter which violated the Fair Debt Collection Practices Act ("FDCPA"). Bode's complaint asserts that the debt collection letter, which identified the creditor as "Capital One Services, Inc.," failed to identify the true name of the creditor and made a false representation in violation of 15 U.S.C. §§ 1692g and 1692e. Bode alleges that the true name of the creditor was "Capital One Bank." Bode raises his claim on behalf of a class consisting of all Wisconsin residents who received debt collection letters from Encore asserting a debt owed to "Capital One Services, Inc."

In an order dated July 23, 2007, the court expressed concern that Bode may have lacked standing to pursue his claim when he filed his complaint. The court ordered the parties to submit supplemental briefs showing cause why the action

should not be dismissed for lack of subject matter jurisdiction based on Bode's apparent lack of standing. The parties filed response briefs, and upon consideration of the authority cited in Bode's response brief, including the Seventh Circuit case *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609 (7th Cir. 2002), the court concludes that Bode had standing to file his complaint.

On September 8, 2005, Bode and his spouse filed Chapter 7 bankruptcy. *In re Bode*, Case No. 05-BK-35282 (E.D. Wis. 2005). Pursuant to 11 U.S.C. § 522(l), on September 13, 2005, Bode amended Schedules B and C to the Chapter 7 Petition to claim as exempt his FDCPA claim against Encore. On September 21, 2005, Bode filed his complaint in this action, before the expiration of the 30 days allowed under Bankruptcy Rule 4003(b) for the bankruptcy trustee and creditors to object to the claimed exemption of Bode's FDCPA claim against Encore. As Bode apparently expected, no objections to the claimed exemption were filed by either the bankruptcy trustee or the creditors.

Because Bode disclosed and exempted his claim against Encore in his Chapter 7 Bankruptcy and no objection was made, the court concludes that Bode had standing to file his complaint. *See Morlan*, 298 F.3d at 617 ("And actually, despite the attention we've been paying to getting the sequence right, the sequence doesn't matter; for when property of the bankrupt is abandoned, the title reverts to the bankrupt, nunc pro tunc, so that he is treated as having owned it continuously."); *see also Williams v. United Techs. Carrier Corp.*, 310 F. Supp. 2d 1002, 1010-11

-2-

(S.D. Ind. 2004) (holding that a debtor may regain standing to pursue a cause of action if it is abandoned by the bankruptcy trustee); *Ball v. Nationscredit Fin. Servs. Corp.*, 207 B.R. 869, 872 (N.D. Ill. 1997) ("If a cause of action that preexisted the filing of the bankruptcy petition is exempted from the estate or abandoned by the trustee, then it is property of the debtor and the debtor will have standing to pursue the cause of action in his or her own name."). Given that the claimed exemption had a maximum value of $1,000 to the debtor or to the bankruptcy estate, the asset would have been burdensome to the estate, and thus, Bode could reasonably anticipate that he would be the real party in interest. Accordingly, even though Bode filed his complaint in this action after filing the bankruptcy petition and before the expiration of the 30 days under Bankruptcy Rule 4003(b), because there was a "reasonable probability" (since ripened to a certainty) that the bankruptcy trustee and the creditors would not file an objection to the claimed exemption and that Bode would be able to keep any proceeds from the suit rather than having to turn them over to his creditors, the court concludes that Bode had a sufficient interest in his claim to have standing to sue. *See Morlan*, 298 F.3d at 620 ("standing does not require a perfectly clear title to the claim sued upon."). In light of the foregoing, the court will address the parties' motions for summary judgment.

On January 16, 2007, Encore filed a motion for summary judgment, and on January 30, 2007, Bode filed a cross-motion for summary judgment. The material facts of the case are not in dispute. Encore is a debt collection agency hired by

Capital One Services, Inc. to collect past-due credit card payments. Bode recalls having a Capital One credit card. (Bode Dep. 24.) Bode received from Encore a debt collection letter which identified the creditor as "Capital One Services, Inc." (Compl. Ex. A.) The bottom portion of the letter is detachable so that the recipient can return that portion with his or her payment. The detachable portion is preaddressed to "Capital One Bank" and directs the recipient to make his or her check or money order payable to "Capital One Bank." (*Id.*) Bode alleges that "Capital One Services, Inc." was the servicing agent, not the creditor, and that the true name of the creditor was "Capital One Bank." Bode asserts the Encore's debt collection letter is in violation of 15 U.S.C. § 1692g(a)(2) by failing to identify the "name of the creditor to whom the debt is owed," and in violation of 15 U.S.C. § 1692e by making a false representation.

Summary judgment is appropriate where the moving party establishes that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Material facts" are those facts which "might affect the outcome of the suit," and a dispute about a material fact is "genuine" if a reasonable finder of fact could find in favor of the nonmoving party. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate where a party has failed to make "a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Celotex*,

-4-

477 U.S. at 256-57.  A party opposing summary judgment may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e). Any doubt as to the existence of a material fact is to be resolved against the moving party.  *Anderson*, 477 U.S. at 255.  In considering cross-motions for summary judgment, the court is obliged to view all facts and draw all reasonable inferences in a light most favorable to the party against whom the motion under consideration is made.  *Bassiouni v. FBI*, 436 F.3d 712, 721 (7th Cir. 2006).

The court will first address Bode's motion for summary judgment.  Bode alleges a violation of 15 U.S.C. § 1692g(a)(2).  Under the relevant language of that provision, "a debt collector shall" provide "the name of the creditor to whom the debt is owed."  15 U.S.C. § 1692g(a).  Bode also alleges a violation of 15 U.S.C. § 1692e. Under the relevant language of that provision, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  In his motion for summary judgment, Bode asserts that he is entitled to judgment as a matter of law because it is undisputed that the debt collection letter identifies "Capital One Services, Inc." as the creditor, and thus, the letter contains a false representation and fails to state "the name of the creditor," Capital One Bank.  Bode also argues that extrinsic evidence supporting his claim is unnecessary because the bare language of the letter demonstrates a *per se* violation of the FDCPA.

-5-

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA "was designed to protect against the abusive debt collection practices likely to disrupt a debtor's life." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 343 (7th Cir. 1997).

Claims against debt collectors under the FDCPA are to be viewed through the eyes of the "unsophisticated consumer." *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). The unsophisticated consumer is regarded as "uninformed, naive, or trusting," but nonetheless is considered to have a "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004) (internal quotations omitted). Further, the unsophisticated consumer standard is an objective one; accordingly, courts disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters. *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). This "unsophisticated consumer" standard applies to claims under Sections 1692g and 1692e. *See, e.g., id.*; *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("the inquiry under §§ 1692e, 1692g and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would

-6-

perceive the letter."). As such, under the "unsophisticated consumer" standard, there is a violation of §§ 1692g(a)(2) and 1692e if an "unsophisticated consumer" would be confused or misled as to the identity of the creditor, and would perceive the letter to contain a false representation.

As noted above, Bode alleges that Encore violated §§ 1692g(a)(2) and 1692e by stating in its debt-collection letter that the creditor was "Capital One Services, Inc." rather than "Capital One Bank." According to Bode, identifying the creditor as "Capital One Services, Inc." was a failure to state "the name of the creditor to whom the debt is owed." Bode states that "Capital One Services, Inc." was the servicing agent, not the creditor, and that the true name of the creditor was "Capital One Bank." Bode cites to a letter dated November 4, 2005, from Capital One Services, Inc. to Encore requesting that Encore identify the creditor in future debt collection letters as "Capitol One Bank" instead of "Capital One Services, Inc." or "Capital One." (Blythin Decl. Ex. C.) Bode contends that this letter demonstrates that Encore made a plainly false statement in the letter at issue, and because false statements are *per se* wrongful under the FDCPA, this technical violation automatically creates liability under the FDCPA. Bode argues that extrinsic evidence of consumer confusion is unnecessary in this case, and is only required for claims where the issue is consumer confusion over statements which are not obviously false.

In support, Bode relies principally on *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), where the Seventh Circuit stated that "[d]ebt collectors may not make

-7-

false claims, period." *Id.* at 730; *see also Turner v. J.V.D.B. & Assoc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse."); *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997) (for statutory damages, "[a]ll that is required is proof that the statute was violated."). In *Randolph*, the court held that § 1692e(2)(A), the provision which prohibits the "false representation" of "the legal status of any debt," creates a strict-liability rule. 368 F.3d at 730. Such being the case, "the FDCPA allows liability without proof of a mental state." *Id.*

Bode also cites to *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000). In *Miller*, the Seventh Circuit held that a debt collection letter which states a portion of the debt (the "unpaid principal balance") does not state "the amount of the debt," as required by § 1692g(a)(1). *Id.* at 875-76. Bode asserts that this analysis is equally applicable to an alleged violation of § 1692g(a)(2). Specifically, Bode argues that if the principal balance is not "the amount of the debt" as required by § 1692g(a)(1), then "Capital One Services, Inc." is not the "the name of the creditor to whom the debt is owed" as required by § 1692g(a)(2). Bode argues that the court must conclude the letter violates the FDCPA any time there is a technically "false" statement in the letter. Thus, Bode asserts, Encore's failure to accurately state the name of the creditor is a violation of the statute, regardless of whether an unsophisticated consumer would be confused.

Encore disputes that there is a bright line rule that all technically "false" statements are *per se* violations of the FDCPA and contends that Bode misconstrues the holding in *Randolph*. Encore notes that the issue presented in *Randolph* was whether the Bankruptcy Code preempts an FDCPA claim, and that the *Randolph* court did not make any findings with respect to the language in any of the letters before it; rather, the court's comment about false statements was mere dicta. *See Randolph*, 368 F.3d at 730. Encore also argues that the holding in *Miller* does not apply to this case because the letter at issue in *Miller* violated the FDCPA by failing to state the amount of the debt owed by the plaintiff, and the issue in this case is not the amount of the debt, but the name of the creditor. *See Miller*, 214 F.3d at 875-76. Encore also argues that the unsophisticated consumer standard applies to this case, and that Bode must demonstrate through extrinsic evidence that Encore's letter was interpreted by unsophisticated consumers as false, misleading, or confusing by identifying the creditor as "Capitol One Services, Inc."

The FDCPA can create liability for a statement naming the creditor which on its face violates the Act because it is plainly confusing, even in the absence of extrinsic evidence. *See Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 948 (7th Cir. 2004) ("There is no basis for so flat a rule" that "to withstand summary judgment the plaintiff must *always* submit a survey or some other form of systematic empirical evidence demonstrating the propensity of the letter to confuse.") (emphasis in original). In fact, "[i]n some situations, when an FDCPA violation is so 'clearly'

-9-

evident on the face of a collection letter, a court may award summary judgment to the FDCPA plaintiff." *Durkin*, 406 F.3d at 415. Accordingly, the failure to name the correct creditor could create liability because the collection letter could be so obviously false, deceptive, confusing, or misleading that extrinsic evidence is unnecessary to prove a violation.

Bode argues that extrinsic evidence is not required in this case because the issue is whether the letter contained a false statement, not consumer confusion. Even though extrinsic evidence is not always necessary to impose liability under the FDCPA, that rule does not mean that the issue of consumer confusion is irrelevant, or that extrinsic evidence is never needed to prove that a debt collection letter contains a false representation. Bode's claim that the debt collection letter violated 15 U.S.C. §§ 1692g and 1692e must still be addressed from the unsophisticated consumer standard. *See Durkin*, 406 F.3d at 414; *McMillan*, 455 F.3d at 759. For extrinsic evidence to be unnecessary, the stated name of the creditor must be plainly false, deceptive, confusing, or misleading to an unsophisticated consumer. *See Durkin*, 406 F.3d at 415 ("when the letter itself does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial."); *see also Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996). As such, the question is whether an unsophisticated consumer would perceive the letter to have

-10-

failed to include the name of the creditor or to have included a false representation. *See Turner*, 330 F.3d at 995.

In *Blarek v. Encore Receivable Mgmt.*, Case No. 06-C-420, 2007 U.S. Dist. LEXIS 22549, *48-49 (E.D. Wis. 2007), a court in this district noted that what constitutes a creditor's "name" under § 1692g(a)(2), and what constitutes a "false representation" under § 1692e in the context of a creditor's name is not as easily determined as, for example, what constitutes a false representation of the amount of the debt, as in *Miller*, 214 F.3d at 875-76. The *Blarek* court noted that "there may be multiple names for a creditor which an unsophisticated consumer could still perceive as being the correct name of the creditor." *Blarek*, Case No. 06-C-420, 2007 U.S. Dist. LEXIS 22549, *49. In addition, in addressing the false name exception, 15 U.S.C. § 1692a(6), under which a creditor can be treated as a debt collector, the court in *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232 (2nd Cir. 1998) held that a creditor is not required to use its exact, legal name to avoid falling under the exception; rather, a creditor may use "the name under which it usually transacts business, or a commonly-used acronym," or "any name that it has used from the inception of the credit relation." *Id.* at 235.

The test for determining whether a debt collector violated §§ 1692g(a)(2) and 1692e is objective, "turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer." *Turner*, 330 F.3d at 995. Here,

-11-

assuming the most accurate name for the creditor was "Capital One Bank," given the similarity of the names "Capitol One Services, Inc." and "Capitol One Bank," the stated name of the creditor was not plainly false or confusing on its face, and a reasonable finder of fact could conclude that the letter would not deceive or mislead an unsophisticated consumer. Thus, the simple act of identifying "Capital One Services, Inc." as the creditor in the debt-collection letter did not automatically create an unacceptable level of deception or confusion so as to entitle Bode to summary judgment. Accordingly, extrinsic evidence was necessary. "Requiring extrinsic evidence in situations such as this is not inconsistent with the unsophisticated-debtor standard; rather, such evidence is an essential component of the standard. It ensures that unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters do not prevail." *Durkin*, 406 F.3d at 423. Bode, however, submitted no extrinsic evidence to indicate that unsophisticated consumers would perceive the letter to have failed to include the name of the creditor or to have included a false representation.

Notably, a court in this district recently held that not all literally false statements which an unsophisticated consumer would perceive to be false necessarily create liability under the FDCPA. *See Robbins v. Wolpoff & Abrahamson, LLP*, Case No. 05-C-315, 2007 U.S. Dist. LEXIS 12485, *9-10 (E.D. Wis. 2007) (citing *Smith v. Bowen*, 815 F.2d 1152, 1154 (7th Cir. 1987) and holding that a false statement in a validation letter may not give rise to liability if this would

-12-

create "patently absurd consequences"). Thus, even if an unsophisticated consumer could perceive the letter to be technically false, without evidence that the name of the creditor was misleading, deceptive, or confusing, the court cannot conclude that Bode is entitled to judgment as a matter of law. In sum, viewing the facts and drawing all reasonable inferences in a light most favorable to Encore, a reasonable finder of fact could conclude that an unsophisticated consumer would perceive the letter to have included the name of the creditor, and to not have included a false representation. As such, the court is obliged to deny Bode's motion for summary judgment.

Turning now to Encore's motion for summary judgment, Encore asserts that it is entitled to judgment as a matter of law on Bode's claim because Bode has failed to present evidence indicating that unsophisticated consumers would perceive the letter to have failed to include the name of the creditor or to have included a false representation. Encore contends that by identifying the creditor as "Capital One Services, Inc.," it identified the creditor in a manner that was not designed to trick, harm, or confuse Bode or any debtor about the creditor's name. Encore submitted evidence demonstrating that the contract between Encore and Capital One Services, Inc. identified the client as "Capital One Services, Inc." and referred to Capital One Services, Inc. throughout the contract as simply "Capital One." (Def.'s Mot. for Summ. J. Ex. E.) Encore asserts that the letter at issue identified the creditor in a manner consistent with the FDCPA, and notes that it received no complaints from

-13-

any of the other 8,500 Wisconsin residents who received a similar debt collection letter identifying "Capital One Services, Inc." as the creditor. (Duprey Aff. ¶¶ 22-23.) According to Encore, because it identified the creditor in a manner consistent with the FDCPA, to survive summary judgment, Bode was required to present extrinsic evidence indicating that an unsophisticated consumer would be confused or misled by the letter.

"When the text of the letter does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with extrinsic evidence, such as a consumer survey, to create a genuine issue of material fact for trial". *Durkin*, 406 F.3d at 419. Indeed, mere speculation that a collection letter confuses, deceives, or misleads the unsophisticated debtor is not enough for an FDCPA plaintiff to survive an opposing debt collector's summary judgment motion. *See id.* at 415 ("when the letter itself does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial."); *see also Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1061 (7th Cir. 2000) (at the summary judgment stage, the FDCPA plaintiff "must do more than merely speculate about how a naive debtor would interpret the letter.").

The court agrees with the *Blarek* court when it noted that what constitutes a creditor's name under § 1692g(a)(2), and what constitutes a false representation

-14-

under § 1692e in the context of a creditor's name is not as easily determined as what constitutes a false representation of the amount of the debt, as in *Miller*, 214 F.3d at 875-76. *See Blarek*, Case No. 06-C-420, 2007 U.S. Dist. LEXIS 22549, *48-49; *cf. Miller*, 214 F.3d at 875-76 (holding that a debt collection letter that identified the unpaid principal balance only identified a part of the debt, and thus, did not state "the amount of the debt" as required by § 1692g(a)(1)). Indeed, an unsophisticated consumer could perceive multiple names for a creditor as being the correct name of the creditor. In addition, the court finds that the holding in *Maguire* is instructive. In addressing the false name exception, 15 U.S.C. § 1692a(6), under which a creditor can be treated as a debt collector, the court in *Maguire* held that a creditor is not required to use its exact, legal name to avoid falling under the exception; rather, a creditor may use "the name under which it usually transacts business, or a commonly-used acronym," or "any name that it has used from the inception of the credit relation." *Maguire*, 147 F.3d at 235.

As noted above, the test for determining whether a debt collector violated §§ 1692g(a)(2) and 1692e is objective, "turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer." *Turner*, 330 F.3d at 995. Here, assuming the most accurate name for the creditor was "Capital One Bank," given the similarity of the names "Capitol One Services, Inc." and "Capitol One Bank," no reasonable finder of fact could conclude that the stated name of the

-15-

creditor would deceive or mislead an unsophisticated, but reasonable, consumer. Although replacing "Capital One Services, Inc." with "Capital One Bank" might have been the easiest way for Encore to avoid this kind of hyper-technical FDCPA claim, requiring that action would relieve the unsophisticated consumer from the minimal obligation to be "able to make 'basic logical deductions and inferences' and to not interpret collection letters 'in a bizarre or idiosyncratic fashion.'" *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509, 513 (7th Cir. 2004) quoting *Pettit*, 211 F.3d at 1060. Thus, the simple act of identifying "Capital One Services, Inc." as the creditor in the debt-collection letter did not automatically create an unacceptable level of deception or confusion, especially when the recipient of the letter, like Bode, recalls having a Capital One credit card. (Bode Dep. 24.)

In addition, Encore submitted evidence demonstrating that the contract between Encore and Capital One Services, Inc. identified the client as "Capital One Services, Inc." and referred to Capital One Services, Inc. throughout the contract as simply "Capital One." (Def.'s Mot. for Summ. J. Ex. E.) Bode, however, relies solely on the bare language of the letter to prove that the debt collection letter failed to comply with the FDCPA by identifying the creditor as "Capital One Services, Inc." Under prevailing circuit law, this is not enough to survive a motion for summary judgment. *See Durkin*, 406 F.3d at 419; *but cf. Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574-75 (7th Cir. 2004) ("If it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it . . . the

-16-

court should reject it without requiring evidence beyond the letter itself.") Even if "Capital One Bank" was the most accurate name for the creditor, Bode has not presented evidence to indicate that by identifying the creditor as "Capital One Services, Inc." the debt collection letter misled or confused anyone other than Bode. And Bode's own self-serving deposition testimony that he was confused by the name "Capitol One Service's, Inc." (Bode Dep. 42) fails to create a genuine issue for trial. *See Pettit*, 211 F.3d at 1061-62.

Bode does not assert that the debt-collection letter was deceptive or that Encore set out to trick him into paying money he did not owe, or to mislead him into paying the wrong person. As the Seventh Circuit recently noted in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), "Section 1692e does not require clarity in all writings. . . . A rule against trickery differs from a command to use plain English and write at a sixth-grade level." *Id.* at 473. Here, the actions Bode complains of were harmless rather than an effort to lead anyone astray. As such, Encore's alleged actions were not the kind of debt collection practices that the FDCPA was designed to prevent. *See Taylor*, 365 F.3d at 574 (7th Cir. 2004) (The FDCPA was "designed to curb aggressive debt-collection practices."); *Mace*, 109 F.3d at 343 (the FDCPA "was designed to protect against the abusive debt collection practices likely to disrupt a debtor's life.").

As a party opposing summary judgment, Bode was required to set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

-17-

Bode, however, offered no consumer survey or expert report to support his claim; rather, he points to the language in the letter as the sole evidentiary basis for his claim. Assuming the most accurate name for the creditor was "Capital One Bank," and viewing all the facts and drawing all reasonable inferences in favor of Bode, the court concludes that it is inconceivable that an unsophisticated, but reasonable, consumer could have difficulty in determining who the creditor was when the debt collection letter identified that creditor as "Capital One Services, Inc." In conclusion, the merits of Bode's claim is not apparent just from a reading of the letter, and he failed to bring forth extrinsic evidence to support his claim. Accordingly, the court must grant Encore's motion for summary judgment.

Finally, even if the court were to conclude that an unsophisticated consumer could be misled by the identification of "Capitol One Services, Inc." as the creditor, Encore has demonstrated that it would be entitled to the bona fide error defense pursuant to 15 U.S.C. § 1692k(c). Section 1692k(c) of the FDCPA provides that a "debt collector" may not be held liable if it "shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error." *Id.* In *Kort v. Diversified Collection Services*, 394 F.3d 530 (7th Cir. 2005), the Seventh Circuit articulated the three required elements that a defendant must meet in order to negate liability under § 1692k(c). "To qualify for the bona fide error defense," a defendant must show by a preponderance of the evidence that

-18-

(1) "the presumed FDCPA violation was not intentional;" (2) "the presumed FDCPA violation resulted from a bona fide error;" and (3) "it maintained procedures reasonably adapted to avoid any such error." *Kort*, 394 F.3d at 537 (citing *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir. 1997)).

Bode argues that Encore's error was not bona fide because no reasonable debt collector could conclude that it is acceptable to misstate the name of the creditor. However, as noted above, no reasonable juror could conclude that the stated name of the creditor on the debt collection letter at issue would deceive or mislead an unsophisticated, but reasonable, consumer. Moreover, the contract between Encore and Capital One Services, Inc. identified the client as "Capital One Services, Inc." (Def.'s Mot. for Summ. J. Ex. E.) In addition, Encore states that it received information, including identity of the creditor, directly from Capital One Services, Inc., and that information is incorporated into Encore's computer system upon receipt. (Duprey Aff. ¶ 5.) Encore argues it reasonably relied upon on its client to identify itself correctly. Thus, Encore has demonstrated that even if the court were to conclude that it erred when it identified the creditor as "Capital One Services, Inc.," that error, if made, was bona fide. *See Kort*, 394 F.3d at 538 (7th Cir. 2005) (error was "bona fide" if it was "an error made in good faith; a genuine mistake, as opposed to a contrived mistake.").

Bode also argues that Encore did not maintain procedures reasonably adapted to avoid any such error. However, a review of the record reveals that

Encore employed a number of procedures reasonably adapted to avoid the alleged error. Specifically, Encore states that it submitted its collection letters to the creditors for approval, and that Capital One Services, Inc. approved the form of the letter at issue here before Encore sent it. (Tucker Dep. 55.) Encore notes that the letter it received from Capital One Services, Inc., instructing it to not identify the creditor as "Capital One Services, Inc." in future debt collection letters, was sent almost one year after the letter at issue was sent to Bode. (Blythin Decl. Ex. C.) In addition, Encore states that its debt collection letters were reviewed for FDCPA compliance by the Members' Attorney Program of the Association of Credit and Collection Professionals. (Duprey Aff. ¶¶ 16, 20.) Furthermore, Encore states that its compliance department conducts an internal review of its letters in response to new legislation, case law, and upon receipt of a complaint or lawsuit. (*Id.* at ¶ 19.) Encore also states that all its collection employees must complete a week of training on the FDCPA and federal and state laws, pass a comprehensive test on the FDCPA, and sign an FDCPA acknowledgment before contacting consumers. (*Id.* ¶¶ 11-15.) Finally, Encore notes that it received no complaints from any of the other 8,500 Wisconsin residents who received a similar debt collection letter identifying "Capital One Services, Inc." as the creditor. (*Id.* ¶¶ 22-23.) Thus, a preponderance of the evidence suggests that Encore maintained procedures reasonably adapted to avoid violations of the FDCPA.

-20-

In sum, even if the court were to conclude that the debt collection letter violated the FDCPA, given that Encore's alleged FDCPA violation was not intentional, resulted from a bona fide error, and a preponderance of the evidence suggests that Encore maintained procedures reasonably adapted to avoid such errors, Encore would be entitled to the bona fide error defense under § 1692k(c). *See Kort*, 394 F.3d at 539 ("1692k(c) does not require debt collectors to take every conceivable precaution to avoid errors; rather, it only requires reasonable precaution.")

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (Docket # 39) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for class certification (Docket # 23) be and the same is hereby **DENIED** as moot; and

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (Docket # 35) be and the same is hereby **GRANTED** and this action be and the same is hereby **DISMISSED** with prejudice, together with costs as taxed by the clerk of the court.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this ___30th___ day of August, 2007.

BY THE COURT:

_s/ J. P. Stadtmueller_____
J. P. Stadtmueller
U.S. District Judge